KENNEDY, Justice.
The Appellant, Carleen Gillespie, the widow of Ward Gillespie, sued Safeco Insurance Company for death benefits under a policy that insured the life of her husband. Safeco filed a motion for summary judgment, which was granted by the trial court. Mrs. Gillespie appealed, and this Court reversed and remanded. See Gillespie v. Safeco Insurance Co., 533 So.2d 521 (Ala.1988). Upon remand, the case went to trial, but the court directed a verdict for Safeco. Mrs. Gillespie now appeals from the judgment based on that directed verdict.
Ward Gillespie purchased the policy from Safeco in 1972, naming his wife, Carleen Gillespie, as beneficiary. The policy had a face value of $200,000 and accidental death benefits of $150,000. The annual premium on the policy was due on August 24 of each year.
On June 27, 1984, William I. Davis, a sales agent with the Equitable Insurance Company, sold Mr. Gillespie a replacement policy with Equitable. On August 7, 1984, Davis composed the following letter for Gillespie’s signature:
“Safeco Life Insurance Company Safeco Plaza Seattle, Washington 98185
“Re: Policy No. 216286
“Gentlemen:
“Please accept this letter as my request and authorization to cancel the above policy. Send the check for the full surrender value to me at P.O. Box 2107, Decatur, AL 35602.” [Davis’s address]
“/s/ Ward Gillespie”
Gillespie signed the letter and returned it to Davis. Davis held the letter, along with the Safeco policy that Gillespie had given him in June, until September 18, when he sent the surrender letter and the Safeco policy to Safeco’s headquarters in Seattle. Safeco received the policy and the surrender letter on September 21.
On September 22, the day after Safeco received the letter and policy, Ward Gillespie suffered an accidental death.
Rather than cancelling the policy pursuant to Gillespie’s letter, Safeco responded with the following notice, postmarked September 28, 1984:
“Final Notice
“Late Payment Offer
“Your policy has lapsed. Unless continued by authorized automatic premium loan, [sic] It will be reinstated if Safeco receives payment at its home office by 10/18/84 and during the lifetime of the persons insured.
“If you have already mailed your premium, please disregard this notice.”
On October 11, 1984, Carleen Gillespie made a claim on the policy. Safeco denied the claim and Carleen Gillespie subsequently filed suit.
The sole issue is whether there is any evidence that Ward Gillespie’s policy was in effect on the day he died.
*152 In Gillespie, supra, at 523, we stated the following:
“Under Ala.Code 1975, § 27-15-3, the insurance policy continues in full force during a grace period of 30 days beyond the due date of the annual premium; under the policy, there is a 31-day grace period. Because Gillespie died within the grace period, and because there is evidence that Safeco disregarded his cancellation letter, a genuine issue of material fact was presented as to whether the policy was in effect on September 22, the day of Gillespie’s death, so that on the contract count Safeco was not entitled to a judgment as a matter of law and the trial court erred in granting the summary judgment for Safeco on that count.”
We are of the opinion that this language is applicable to the present appeal and that the judgment of the trial court is due to be reversed.
REVERSED AND REMANDED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.
HOUSTON, J., concurs specially.
MADDOX, J., dissents.