ADAMS, Justice.
This is the third time this case has come before this Court. In Gillespie v. Safeco *585 Insurance Co., 533 So.2d 521 (Ala.1988) (Gillespie I), this Court reversed the trial court’s summary judgment in favor of Safeco Life Insurance Company. In Gillespie v. Safeco Insurance Co., 565 So.2d 150 (Ala.1990) (Gillespie II), this Court reversed a judgment based on a directed verdict in favor of Safeco. For the benefit of the reader, the facts of the case, as set forth in Gillespie II, are duplicated below:
“Carleen Gillespie, the widow of Ward Gillespie, sued Safeco Insurance Company for death benefits under a policy that insured the life of her husband....
“Ward Gillespie purchased the policy from Safeco in 1972, naming his wife, Carleen Gillespie, as beneficiary. The policy had a face value of $200,000 and accidental death benefits of $150,000. The annual premium on the policy was due on August 24 of each year.
“On June 27, 1984, William I. Davis, a sales agent with the Equitable Insurance Company, sold Mr. Gillespie a replacement policy with Equitable; On August 7, 1984, Davis composed the following letter for Gillespie’s signature:
“ ‘Safeco Life Insurance Company Safeco Plaza
Seattle, Washington 98185
“ ‘Re: Policy No. 216286
“ ‘Gentlemen:
“ ‘Please accept this letter as my request and authorization to cancel the above policy. Send the check for the full surrender value to me at P.O. Box 2107, Decatur, AL 35602.’ [Davis’s address] Vs/ Ward Gillespie’
“Gillespie signed the letter and returned it to Davis. Davis held the letter, along with the Safeco policy that Gillespie had given him in June, until September 18, when he sent the surrender letter and the Safeco policy to Safeco’s headquarters in Seattle. Safeco received the policy and the Surrender letter on September 21.
“On September 22, the day after Safe-co received the letter and policy, Ward Gillespie suffered an accidental death,
“Rather than canceling the policy pursuant to Gillespie’s letter, Safeco responded with the following notice, postmarked September 28, 1984:
“ ‘Final Notice’
“ ‘Late Payment Offer
“ ‘Your policy has lapsed. Unless continued by authorized automatic premium loan, [sic] It will be reinstated if Safeco receives payment at its home office by 10/18/84 and during the lifetime of the persons insured.
“ ‘If you have already mailed your premium, please disregard this notice.’
On October 11, 1984, Carleen Gillespie made a claim on the policy. Safeco denied the claim and Carleen Gillespie subsequently filed suit.
“The sole issue is whether there is any evidence that Ward Gillespie’s policy was in effect on the date he died.
“In [Gillespie I], at 523, we stated the following:
“ ‘Under Ala.Code 1975, § 27-15-3, the insurance policy continues in full force during a grace period of 30 days beyond the due date of the annual premium; under the policy, there is a 31-day grace period. Because Gillespie died within the grace period, and because there is evidence that Safeco disregarded his cancellation letter, a genuine issue of material fact was presented as to whether the policy was in effect on September 22, the day of Gillespie’s death, so that on the contract count Safeco was not entitled to a judgment as a matter of law and the trial court erred in granting the summary judgment for Safeco on that count.’
“We are of the opinion that this language is applicable to the present appeal and that the judgment of the trial court is due to be reversed.”
Gillespie v. Safeco Life Ins. Co., 565 So.2d 150, 151-52 (Ala.1990). (Emphasis added.)
Upon retrial of the case, the jury answered the following special interrogatory in the negative:
“Are you satisfied by a preponderance of the evidence in this case that Safeco, by *586 sending the late payment notice addressed to Mr. Gillespie on September 28, 1984, intended to waive the cancellation and surrender of the life insurance policy issued by Safeco to Mr. Gillespie?”
Thereafter, the trial court entered a judgment in favor of Safeco. Mrs. Gillespie appeals, contending that the issues were more far-reaching than the one interrogatory posed to the jury. We disagree.
The case was remanded “[bjecause Gillespie died within the grace period, and because there is evidence that Safeco disregarded his cancellation letter,” Gillespie II, supra, at 152, quoting Gillespie I, at 523. (Emphasis added.) Although Mrs. Gillespie would have us find otherwise, the fact remains that the other issues she raises on this appeal were at least implicitly answered in the first two appeals. First, she contends that her husband did not authorize Davis to send the surrender letter until his new insurance with Equitable was in place, and, therefore, that the trial court erred in refusing to allow evidence to be offered in that regard.
It is apparent from the discussion in Gillespie I, that this Court had entertained and rejected the argument that Gillespie did not authorize the letter to be sent under the conditions under which it was mailed. In fact, the emphasized language in Gillespie I, quoted above, presupposes that the surrender letter sent to Safeco was valid. To find otherwise would mean that the issue of a waiver by Safeco regarding receipt of the surrender letter would be of no consequence.
The other issues raised by Mrs. Gillespie are without merit.
Based on the foregoing, the judgment entered on the verdict should be, and it hereby is, affirmed.
AFFIRMED.
STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., concurs specially.